IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANTHONY D. McBRIDE,

    Plaintiff,

vs.	Case No. 4:15cv422-RH/CAS

OFFICER ALLEN,
and CORIZON MEDICAL,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF No. 10. The amended complaint has now been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff alleges that he sought medical assistance on April 22, 2015, for his finger which had become swollen, infected, and painful after suffering a severe burn. ECF No. 10 at 5. Plaintiff was given a "no work pass" which he contends Defendant Allen refused to accept. *Id.* Plaintiff indicates that Defendant Allen contacted the medical department, "but medical could not verify the validity of" his pass. *Id.* at 6. Thus, on April

24, 2015, Defendant Allen required Plaintiff to report to work in food service causing Plaintiff "extreme pain" because he had to repeatedly bend his infected finger. *Id.* at 5. Plaintiff contends there was no reason that medical or Defendant Allen should not have been able to verify his pass. *Id.* at 6.

Attachments to the amended complaint further reveal that Plaintiff was eventually sent back to his dormitory after presenting his pass to Ms. Murphy in food service. *Id.* at 9. However, Plaintiff contends that he had been required to work for 2 or 3 hours before Ms. Murphy saw his finger and allowed him to return to his dormitory. *Id.*

Plaintiff alleges that Defendants were deliberately indifferent to his condition and he suffered "extreme pain." ECF No. 10 at 10. Additionally, Plaintiff asserts that Defendant Allen violated Plaintiff's rights to due process and equal protection "by failing to obey the Department of Corrections rules." *Id.* at 10.

Plaintiff's conclusory assertion that his due process rights and equal protection rights were violated is unsupported. There are no allegations showing that any named Defendant intentionally treated Plaintiff differently than other inmates. The equal protection claim fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

There are also no allegations which show Plaintiff was denied due process.  It is true that prisoners may "claim the protections of the Due Process Clause."  Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974).  However, due process exists to protect a liberty interest.  Plaintiff has not alleged an atypical, significant deprivation of a liberty interest.  Because there is no trigger to bring in the protections of the Due Process Clause, this claim also fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

Plaintiff has also not provided facts which demonstrate a plausible Eighth Amendment claim for deliberate indifference.  The Eighth Amendment[1] governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Although the Amendment does not require comfortable prisons, it prohibits inhumane ones.  *Id.*  The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities."

---

[1] "In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation." Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010).  The three types of claims are for the deliberate indifference to medical needs, a challenge to the conditions of confinement, or the use of excessive force.

Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).  "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety."  Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr. Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).   In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'"  Chandler, 379 F.3d at 1289 (quoting Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement.  Chandler, 379 F.3d at 1289.  "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment."  Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (cited in Chandler, 379 F.3d at 1289).

> The challenged condition must be "extreme."  *Id.,* at 9, 112 S.Ct. at 1000.  While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney,* 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.,* at 35, 113 S.Ct. at 2481.  Moreover,  the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the

> likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.*, at 36, 113 S.Ct. at 2482.

Chandler, 379 F.3d at 1289. The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue. Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289. "The proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289, (citing Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991)).

Here, Plaintiff has not alleged facts which demonstrate either the objective or subjective component. *See* LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Although having to bend an infected finger is admittedly painful, it is not "sufficiently serious to violate the Eighth Amendment." Moreover, the length of time Plaintiff was required to be in food service was minimal and he was permitted to return to his dormitory. Furthermore, Defendant Allen was not deliberately indifferent to Plaintiff as the allegations reveal he made a

reasonable attempt to verify Plaintiff's no work pass. That the pass could not be validated at that time has not been shown to be an intentional act.

Accordingly, having to work for two to three hours with an infected finger that was painful to bend is not sufficient to state a claim upon which relief may be granted. Requiring Plaintiff to report to his job assignment simply cannot be found to violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-90; Farrow, 320 F.3d at 1243; Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399. This case should be dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2016.

    s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.